IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIC RICCHIO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 03-492 |
| | ) | |
| OCEAN WAVE MASSAGE BEDS, LTD., | ) | Judge Conti |
| ROBERT CHAMBERLAIN, DAVID | ) | Magistrate Judge Hay |
| DAVIS, PACIFIC ALLIANCE | ) | |
| MARKETING GROUP, RICHARD | ) | |
| MOORE, AYAZ SHAH, PARADISE | ) | |
| AQUA MASSAGE DIST., INC., | ) | |
| REAL MENARD, MR., | ) | |
| REJUVENATIONS UNLIMITED, JACK | ) | |
| PIATT, MR., LUCAS PIATT, MR., | ) | |
| MILLCRAFT INDUSTRIES, INC., | ) | |
| PACIFIC CAPITAL, INC., OCEAN | ) | |
| WAVE DISTRIBUTORS, LLC, | ) | |
| MICHAEL ROSEN, OCEAN MASSAGE | ) | |
| BEDS, ROBIN LARSON and DEDE | ) | |
| LARSON, | ) | |
| | ) | |
| Defendants. | ) | |

### PERMANENT INJUNCTION ORDER

WHEREAS, the parties in the above matter have reached a settlement;

WHEREAS the Court ordered the parties to execute the Settlement Agreement and to report on August 5, 2005, as to the names of any non-executing parties;

WHEREAS all of the Defendants, namely Ocean Wave Massage Beds, Ltd., Robert Chamberlain, David Davis, Pacific Alliance Marketing, Ltd., Richard Moore, Ayaz Shah, Ocean Wave Distributors, Robin Larson and Dede Larson have failed to execute the Settlement Agreement.

1. Effective September 21, 2005, a permanent injunction is hereby entered against Defendants Ocean Wave Massage Beds, Robert Chamberlain, David Davis, Pacific Alliance Marketing Group, Richard Moore, Ayaz Shah, Ocean Wave Distributors, LLC, Robin Larson and Dede Larson (Non-Signing Defendants), their officers, directors, employees, divisions, subsidiaries, agents, parents, successors and assigns and all who act in concert therewith, or participate with them, who receive actual notice of this Order, precluding them, within the United States or its territories, from making, using, selling or offering for sale the Ocean Wave Massage Bed, including any other unit, which provides dry hydrotherapy having a plurality of water jets that can operate individually or simultaneously which shoot water and/or a water-air mixture against the underside of a film, membrane or surface and which supports an individual, including the so-called Aqua Massage, Neptune and Cloud IX versions, and all improvements to the Ocean Wave Massage Bed.

2. Defendants and Plaintiff or his daughter, Frances Ricchio, shall immediately cease all direct and indirect contact with each other.

3. This injunction shall be lifted as to any of the aforesaid Non-Signing Defendants as of the date the non-signing party executes the Settlement Agreement in the form attached hereto as Exhibit A.

4. This injunction shall remain in effect only as long as one or more the United States Patents 4,635,620, 4,713,853 and 6,139,512 have not expired from failure to pay a maintenance fee or from normal expiration at the end of their term.

5. Each party shall bear its own costs and attorney fees.

BY THE COURT,

_____
JOY FLOWERS CONTI
United States District Judge

cc: Scott J. Fields, Esquire
National IP Rights Center, LLC
550 Township Line Road
Blue Bell, PA 19422

Richard L. Byrne, Esquire
Kent E. Baldauf, Jr., Esquire
Webb, Ziesenheim, Logsdon, Orkin & Hanson
436 Seventh Avenue
700 Koppers Building
Pittsburgh, PA 15219-1818

THIS SETTLEMENT AND NON-EXCLUSIVE LICENSE AGREEMENT (hereinafter the "Agreement") is made and entered into this 22 day of October 2004 (the "Effective Date"), by and between Dominic A. Ricchio ("Licensor") Ocean Wave Massage Beds, Ltd., (Manufacturer) Robert Chamberlain, David Davis (the "OWMB Licensees"), Pacific Alliance Marketing Group, Richard Moore, Ayez Shah, Ocean Massage Beds, Robin Larson, and Dede Larson ("Collectively Settling Defendants").

WHEREAS, Licensor is the owner of U.S. Patent 6,139,512 entitled "Method and Apparatus for Water Therapy" (the '512 Patent) ( the "Licensed Patent").

WHEREAS, Licensor and the Settling Defendants have been engaged in a dispute regarding the above-referenced Licensed Patents which is currently pending in the United States District Court for the Western District of Pennsylvania as Civil Action No. 03-492 (the "Civil Action"). The Civil Action involves, in pertinent part, an action relating to the rights of the Defendant to make, the sale, use, or offer for sale of the Ocean Wave Message Bed (the "Licensed Units").

WHEREAS, the parties are desirous of resolving this dispute and in granting the OWMB Licensees and settling licensees the non-exclusive license to use, license or sell the Licensed Units.

NOW, THEREFORE, in consideration of the foregoing, and the premises, representations and mutual covenants contained herein, and for other valuable consideration, the receipt of which is acknowledged, the parties hereto agree as follows:

1. For the purposes of this Agreement, the following terms shall be defined as follows:

EXHIBIT A

1.1     **<u>Non-Assignable Non-Exclusive Licensed Rights</u>**" shall mean non-assignable non-exclusive rights in the Licensed Patent and all related trade secrets and know-how, and any and all improvements, modifications, applications, continuations, continuations-in-part, divisions, reissues, reexaminations and re-filed patents of the aforesaid, as well as any and all corresponding patent rights and applications for patent rights in the United States of America (The "Territory").

1.2     "<u>Licensed Units</u>" shall mean the Ocean Wave Massage Beds, including any other unit, which provides dry hydrotherapy having a plurality of water jets That can operate individually or simultaneously which shoot water and / or water air mix against the underside of a film, membrane or surface which supports an individual, including the so-called Aqua Massage, Neptune and Cloud IX versions, and all improvements to the Ocean Wave Massage Bed.

2.     **"<u>Grant.</u>" Licensor hereby grants the OWMB Licensees Non-Assignable Non-Exclusive License rights to manufacture, sell or offer for sale, use, or market Licensed Units during the life of the Licensed Patent.**

3.     **<u>Remuneration</u>**

3.1     <u>License Fees.</u> In consideration for the settlement of the Civil Action, OWMB Licensees shall pay royalties to the Licensor in US Dollars as follows: $US 300.00 per unit for each of the Licensed Unit sold in the territory, either directly and or through US or foreign distributors commencing on October 22, 2004 through and including December 31, 2005.

From January 1, 2006 until the expiration of the '512 patent, OWMB Licensees shall pay Licensor a fee of US $400 per Licensed Unit sold in the territory for the first

2

150 units sold per calendar year; and US $500 for all Licensed Units sold after the first 150 Licensed Units and all units sold there after per calendar year. Licensed Unit shall be deemed "sold" under this provision when the licensed unit is shipped by a OWMB licensee and or to a customer, distributor, tradeshow.

3.2. **Revenue Stream and Territorial Income.** In the event that the OWMB Licensees, and / or settling licensees, their licensees, place or adopt a revenue share model in which they receive revenue from the use, lease, rental, vending, franchise, of the Licensed Units and /or receive remuneration based upon the sale of Territories, Licensees shall pay Licensor a fee of ten percent (10%) of all gross revenues earned in US Dollars from usage of the Licensed Units in service and/or from the sale of territories.

3.3 **Additional Payments to Licensor** In consideration for the dismissal of this action, for past sales through October 22, 2004, and for other good and valuable consideration, the receipt of which is hereby acknowledged, OWMB Licensees shall pay Licensor $60,000.00 in US Dollars according to the following schedule. The US cashiers payment check shall be made payable to "Dominic A. Ricchio" and forwarded to 2574-18/th Street #21 Kenosha, WI  53140.

August 1, 2005 – August 1, 2006: US $500 per month paid on or before the 7th day of each month.

August 2, 2006 – August 1, 2007:  US $750.00 per month paid on or before the 7th  day of each month.

August 2, 2007 – to August 1, 2008: US $1,000.00 per month payable on or before the 7th day of each month.

3

August 2, 2008 – August 1, 2009 – US $1,500.00 per month payable on or before the 7th day of each month.

August 30, 2010 – a final lump sum payment of US $15,000.00.

**3.4 Defendants Chamberlain and Davis shall not be personally liable for the obligations set for in paragraph 3.3, if and only if, the Manufacturer is bankrupt or completely ceases operations everywhere in the world. But will be personally liable for this agreement if Chamberlain, and Davis simply change their business name to another business, In the event that the payments provided for in paragraph 3.3 are not made for any reason, a permanent injunction will be entered against the Manufacturer, and any successor business, Chamberlain personally and Davis personally precluding their use, importation, marketing, sale, manufacture or offer for sale of licensed units within the United States during the life of the '512 patent.**

3.5 **Two Ocean Wave Massage Beds**

Within thirty (30) days from August 1, 2005, the OWMB Licensees shall provide and ship from Canada including freight cost two of their latest model Licensed Units, with all options and upgrades, to Scott J. Fields in PA, and Dominic A. Ricchio in Racine, WI respectively.

4. **Payment and Reporting**

4.1. OWMB Licensees, and/or settling licensees, shall prepare, on a calendar monthly basis, a summary of the fees and royalties to which Licensor is entitled under this agreement and make payment in US Dollars in the form of a US cashiers check by the seventh day of the month following each month. Said summary shall list the invoice

4

numbers, and the monthly quantity of Licensed Units sold, shipped, including serial numbers of the beds, and leased rented, and/ or franchised in a revenue share model, as well as all Territorial fees collected, and the amount of the royalties and payments to which Licensor is entitled and any other reasonable information requested from Licensor to be included within said summary from time to time. At the time of payment, Licensees shall forward said signed summary to Licensor. The aforesaid payment US cashiers check shall be made payable to "Dominic A. Ricchio" and forwarded to 2574-18/th Street #21 Kenosha, WI  53140 and received within seven (7) days following each calendar month. See recommended summary statement enclosed.

    4.2.  OWMB Licensees and/or settling licensees further agrees to keep true and accurate records and books showing the sale of Licensed Units under the license herein granted in sufficient detail to enable the royalties payable hereunder to be determined. OWMB Licensees and /or licensees agree to permit such books and records to be examined no more than twice annually by an independent auditor chosen by Licensor, at Licensor's expense, to the extent necessary to verify the validity of such reports and royalty payments as provided for in this Agreement. In the event that the audit reveals that there is greater than a five percent (5%) discrepancy in royalties owed versus royalties paid, OWMB Licensees and / or settling licensees shall pay all unpaid royalties plus a penalty equal to twenty-five percent (25%) of the shortfall.

5.    **Patent Marking**: Within thirty (30) days following the execution of the Agreement, the OWMB Licensees shall mark the Licensed Units with the following patent notice:  "This product is licensed under U.S. Patents; 6,139,512. Each bed shall

5

be labeled showing the brand name, the manufactured date, the model, and a serial number.

6. Except for the obligations arising under this Agreement, the Settling Defendants hereby forever and irrevocably release, discharge and/or acquit Licensor, his subsidiaries, affiliates, heirs, successors, assigns, and their officers, employees, directors, agents, and representatives from any and all claims, actions, causes of action, demands, rights, damages, costs, defenses, and claims of whatsoever kind or nature, known or unknown, that they may have, may have had, or hereafter may have, arising from or relating to any acts, omissions, or occurrences related to the Civil Action.

7. Except for obligations arising under this Agreement, Licensor hereby forever and irrevocably releases, discharges and/or acquits the Settling Defendants, their subsidiaries, affiliates, heirs, successors, assigns, and their officers, employees, directors, agents, and representatives from any and all claims, actions, causes of action, demands, rights, damages, costs, defenses, and claims of whatsoever kind or nature, known or unknown, that they have, may have had, or hereafter may have, arising from or relating to any acts, omissions, or occurrences related to the Civil Action.

8. By entering into this Agreement, no party hereto acknowledges any wrongdoing, liability or culpability for any act or omission which was raised or asserted, or which could have been raised or asserted in the Civil Action, except that the Settling Defendants state that they are aware of no facts and/or legal basis under which the Patents would be adjudged invalid and/or unenforceable.

9. Within five (5) business days after the Effective Date, the counsel for the undersigned will execute a Stipulation of Dismissal, with prejudice, in the form attached hereto.

10. Licensor represents and warrants as follows:

(a) Licensor has full and absolute ownership of the Patents and the full, lawful, and complete authority and right to enter into this Agreement and grant the license free and clear of the claims of any person.

(b) The execution, delivery and performance of this Agreement by Licensor does not breach and will not breach, violate, conflict with, or permit the cancellation of, any agreement to which Licensor is bound or the rights of any person.

OWMB Licensees and/ or settling licensees represent and warrant as follows:

(a) That they have the full, lawful, and complete authority and right to enter into this Agreement.

(b) That they are aware of no basis by which the Licensed Patents are invalid and unenforceable.

11. **Breach and Material Breach**

11.1 In the event of a breach by either party of any of its obligations under this Agreement, the non-breaching party shall provide the breaching party with written notice of such breach and a thirty (30) day period in which to cure such breach. In the event that the OWMB Licensees and/ or settling licensees fail to make a timely report and payment as called for in Paragraph 3.1, three (3) times during the life of this Agreement or underreport royalties or payments by at least 5% on two occasions during the life of

this Agreement, this Agreement shall be deemed to be materially breached and terminated.

11.2   In the event of a material breach as set forth in paragraph 10.1, all payments then due and owing by the OWMB Licensees and /or settling licensees, according to Section 2 shall accelerate and shall be immediately due and payable. All Licenses granted hereunder shall immediately terminate, and OWMB Licensees and / or settling licensees shall be barred and enjoined from manufacturing, selling, offering for sale or using the Licensee Units in the Territory.

12.   No party to this agreement shall engage in any act of disparagement as to any other party.

12.1   Ricchio shall assist OWMB Licensees by providing a written statement on his letterhead setting forth that the dispute between the parties has been amicably resolved and that OWMB is an Authorized Licensee.

### Miscellaneous

13.1   This writing constitutes the entire agreement of the parties with respect to the subject matter hereof and may not be modified, amended or terminated except by a written agreement specifically referring to this Agreement signed by all of the parties hereto.  The parties hereto have consulted with counsel prior to entering into this Agreement.

13.2   This Agreement shall be binding upon and inure to the benefit of each party hereto, its successors and permitted assigns, and each individual party hereto and their heirs, spouses, personal representatives, successors and assigns

13.3   Each party hereto shall cooperate, shall take such further action and shall execute and deliver such further documents as may be reasonably requested by any other party in order to carry out the provisions and purposes of this Agreement.

13.4   This Agreement may be executed in one or more counterparts, and by electronic facsimile, all of which taken together shall be deemed one original.

13.5   This Agreement and all amendments hereto shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania applicable to contracts made and to be performed therein. The undersigned consent to the exclusive subject matter and personal jurisdiction of the Commonwealth of Pennsylvania in any dispute arising hereunder.

13.6  The Court shall maintain continuing jurisdiction over the enforcement of this matter. In any action to enforce this Agreement, the prevailing party shall be entitled to its attorney's fees and costs. In the event that Licensor prevails, the OWMB Licensees and / or Settling Licensees agree to be subject to a permanent injunction barring their manufacture, sale or offer for sale of the Licensed Units in the Territory.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed as of the day and year first above written.

LICENSOR:

Date:_____        By:_____
                                                      DOMINIC A. RICCHIO

Date:_____        LICENSEES:

                                                      By:_____

OCEAN WAVES MASSAGE BEDS, LTD.
Name:
Title:

Date:_____  By:_____
                               Robert Chamberlain, individually


Date:_____  By:_____
                               David Davis, individually


PACIFIC ALLIANCE MARKETING GROUP

Date:_____  By:_____
                           Name:
                           Title:


Date:_____  By:_____
                               Richard Moore, individually


Date:_____  By:_____
                               Ayez Shah, individually

OCEAN MASSAGE BEDS


Date:_____  By:_____
                           Name:
                           Title:


Date:_____  By:_____
                               Robin Larson, Individually

10

Date:_____   By:_____
                                                                                  DeDe Larson, Individually